UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEX MARTIN,<br>ELISABETH MARTIN,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIGAS PROPANE, L.P.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 1:24-cv-01098-TWP-TAB<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**I.    Introduction**

This cause is before the Court on Plaintiffs' motion for leave to file amended complaint [Filing No. 26], which seeks to add a claim under the Indiana Deceptive Consumer Sales Act. Defendant AmeriGas Propane, L.P. opposes Plaintiffs' motion, arguing it is futile because: (1) AmeriGas' conduct does not constitute an "unconscionable" act within the meaning of the IDCSA, and (2) Plaintiffs' allegations do not meet the IDCSA's notice and statute of limitations requirements.  The Court agrees that Plaintiffs' motion should be denied.  However, the Court will give Plaintiffs an additional 14 days to renew their motion in the event Plaintiffs can, in good faith, include additional allegations to overcome their proposed amendments' obvious shortcomings.

**II.   Discussion**

This case arises from water damage that occurred in Plaintiffs' home sometime in January 2023.  Plaintiffs allege AmeriGas supplied natural gas[1] to their home pursuant to an automatic delivery program.  Plaintiffs contend that AmeriGas breached its contract with them, and

---

[1] This allegation is misplaced because AmeriGas is a supplier of propane, not natural gas. [Filing No. 28, at ECF p. 2 N. 2.]

committed negligence, when it refused to supply gas to their house in January 2023 while Plaintiffs were out of town. Plaintiffs allege that, without gas to heat the home, their water pipes froze and burst, causing water damage.

Plaintiffs' proposed amended complaint alleges that AmeriGas committed an "unconscionable act" under the IDCSA by soliciting Plaintiffs to sign AmeriGas' standard propane agreement, alleging that it "contained terms that were oppressively one sided or harsh; or the terms of which unduly limited [Plaintiffs'] remedies in violation of 24-5-0.5-10." [Filing No. 26-1, at ECF p. 4.] Such bare-bones allegations are insufficient. Missing from Plaintiffs' proposed second amended complaint are any factual allegations regarding: (1) what the terms of the contract between Plaintiffs and AmeriGas were; (2) what terms of the contract were purportedly "oppressively one sided or harsh;" (3) what specifically about the unidentified terms themselves was so "one-sided or harsh;" (4) how the unidentified terms "unduly limited" Plaintiffs' remedies; (5) what about the bargaining power between Plaintiffs and AmeriGas was unequal; and (6) whether Plaintiffs entered into the contract "unwillingly" or "without knowledge of the terms of the contract or agreement." These significant omissions fall short of the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

As AmeriGas points out in its opposition, there was nothing unique about the contract entered into between Plaintiffs and AmeriGas. Plaintiffs signed AmeriGas' standard Residential Propane Supply Agreement, which is a contract that contains terms and conditions that all of AmeriGas' customers agree to so that they can receive propane from AmeriGas. As for Plaintiffs' allegation that there was an inequality of bargaining power between AmeriGas and Plaintiffs, AmeriGas argues that it is but one of many companies that provide propane to

residential homes in the Attica, Indiana, area. AmeriGas supports this argument with citations to various websites. [Filing No. 28, at ECF p. 6.] Perhaps it is true, as AmeriGas alleges, that Plaintiffs could have chosen a different propane supplier on different terms if they had wanted to do so before entering into an agreement with AmeriGas. However, the Court believes Plaintiffs should be given a limited opportunity to submit a revised, proposed amended complaint—if Plaintiffs can do so in good faith—to address these issues. So Plaintiffs' motion to amend is denied, but Plaintiffs have an additional 14 days to renew that motion.

Another hurdle Plaintiffs face is it appears they have failed to comply with the time limitations in the IDCSA.[2] Plaintiffs allege AmeriGas' purported unconscionable act stems from the solicitation of Plaintiffs into their contract with AmeriGas. Plaintiffs signed their contract with AmeriGas over 10 years ago, on August 14, 2014. [Filing No. 26-1, at ECF p. 2, ¶10.] Therefore, it appears that any action Plaintiffs could have had brought expired years ago under Ind. Code § 24-5-0.5-5(a) and (b). This is yet another reason why AmeriGas argues it would be improper for Plaintiffs to be allowed to bring this claim now.

In response, Plaintiffs assert the fact that the original contract was signed on August 14, 2014, "is not the beginning and end of the analysis under Ind. Code § 24-5-0.5-5." [Filing No. 29, at ECF p. 6.] Plaintiffs allege that the terms of the contract they signed with AmeriGas "are routinely revised and the revised terms are made part of the delivery service agreement." [Filing No. 26, at ECF p. 2, ¶11.] Plaintiffs further allege, "It is plausible based on the pleadings that one of these changes initiated by AmeriGas occurred within two years of the original filing in Fountain County. If the facts bear this out then the amendment is not futile as it would not be

---

[2] AmeriGas also argues that Plaintiffs failed to comply with the notice requirements of the IDCSA. In light of the other shortcomings noted in this order, and the lack of that argument being substantially developed in the briefing, the Court declines to address this argument.

barred by the two-year statute of limitations." [Filing No. 29, at ECF p. 6.] This argument stretches plausibility to the breaking point. However, if Plaintiffs can allege—in good faith—that AmeriGas initiated changes within two years of this suit being filed, they should be given an opportunity to do so. The Court gives Plaintiffs a 14-day window to decide whether to file a more robust proposed amended complaint. However, this claim cannot go forward as drafted.

### III.     Conclusion

Plaintiffs' motion for leave to amend [Filing No. 26] is denied because, as drafted, the complaint seeks to add a claim that is futile. Plaintiffs' bare-bones allegations are insufficient to plead that AmeriGas engaged in an unconscionable act within the meaning of the IDCSA. Plaintiffs' allegations also face significant statute of limitations issues. Accordingly, Plaintiffs' motion for leave to file an amended complaint [Filing No. 26] is denied, provided, however, Plaintiffs have 14 days from the date of this order to file a more robust amended complaint if Plaintiffs can do so in good faith and consistent with this order.

Date: 1/14/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email